RAY WHISPELL, JR., Appellant, v. SOCONY MOBIL OIL CO., INC., Respondent, et al., Defendant.— The plaintiff appeals from a nonsuit and dismissal of the complaint made at the close of his case. The complaint of the plaintiff alleged that the defendants had a joint interest in the maintenance and operation of the filling station here involved and further alleged it was operated by them in a negligent and improper manner, particularly in that an air compressor in the filling station was maintained without adequate, proper or reasonable notices, warnings, instructions or supervision pertaining to operation of inherently dangerous equipment, as the result of which plaintiff sustained serious personal injuries. The answer of the Socony Mobil Oil Co., Inc., denied the allegations of the complaint and pursuant to section 286 of the Civil Practice Act interpleaded against the tenant defendant Mojzis, contending that under the terms of the lease the tenant was in complete and exclusive control of the premises and praying that in the event of a judgment against Socony, judgment over be granted against the tenant. The tenant in his answer referred to the complaint of the plaintiff, particularly the allegation that the equipment was inherently dangerous and which disclosure he alleged was not made known to him by Socony and upon the further grounds that under the terms of the lease Socony was to keep the equipment in repair. The proof was undisputed that Socony was the owner of the station where the accident happened and it was occupied by the tenant Peter Mojzis under a written lease which included as part of the personal property an air compressor with one outlet inside the building and a standard outlet with pressure gauge outside the building and which was used primarily by the public for inflating tires on automobiles. It was further shown that as part of the service to its filling station operators, Socony distributed pamphlets which gave instructions and advice about the use, among other things, of the air compressor and which contained instructions that if the operators experienced any trouble with the compressor equipment, they were to notify the company. The plaintiff testified that on the morning of December 18, 1954, he came to the service station here involved with a flat tire taken from his mother's automobile to have it repaired. He was advised by the defendant tenant that they were too busy to do the work and plaintiff requested permission to make the repairs himself. It was further shown that the father of the plaintiff worked for a tire concern and his duties were to recap, mount, dismount, vulcanize and change all types of tires and from which it might be assumed the plaintiff had some general knowledge of such type of work. He further testified that the defendant tenant informed him he could use the tools and fix the tire and thereafter left to go on an errand. One of his employees was present and

working inside the station when the accident happened but he testified he did not see what caused the accident and was first attracted by the explosion. The plaintiff testified that in the course of repairing the tire he took it off the rim, removed the old tube and replaced it with another which he had brought with him, put the tire back on the rim and that he used the air outlet inside the building to put air into the tube and thereafter allowed it to become partly deflated by letting the air out which he testified was necessary to remove the "wrinkles". The last thing he remembers was putting air into the tire tube. It was undisputed that this air hose equipment did not have an air gauge attached to it so that the amount of air pressure would not be recorded. It was testified, however, that there was such a gauge in close proximity to the hose which could be used. The rest of the testimony was somewhat cumulative but shed no further light on the happening of this particular accident, including the testimony of the consulting engineer. The plaintiff, appealing from a nonsuit and dismissal of the complaint, is entitled on this appeal to the benefit of any and all evidence, direct and circumstantial, and any fair inferences which might be deduced therefrom to show negligence on the part of the defendant Socony, the order having been made in its favor. The plaintiff contended that the defendant having reserved the control and right to inspection was thereby liable to a third party under the circumstances herein. Assuming, without conceding that to be the rule under certain circumstances, there was no evidence in this record of any failure on the part of the defendant Socony. The plaintiff himself admitted that the hose he was using was in good condition and that there was "nothing the matter with the equipment". The testimony showed that the primary purpose of the air hose inside the building, and which was being used by the plaintiff, was for such work as operating a car lift, cleaning spark plugs, motors and other equipment and was not recommended nor ordinarily used for inflating tires; that the air hose outside the building and which was equipped with an air gauge was for that purpose. We are unable to find or assume under the testimony herein that the defendant Socony had the duty and responsibility to foresee such an eventuality as took place herein. There was no showing that it was the customary practice of the tenant to allow the use of the air hose by customers and there was no showing of any act which would constitute negligence by the defendant Socony or that the air hose outlet here involved was an inherently dangerous piece of equipment. In the appellant's brief for the first time it is argued that the facts herein establish a prima facie case of negligence and that the doctrine of *res ipsa loquitur* is applicable. There was no showing from the testimony at the trial of such ownership or exclusive control as was necessary for application of this doctrine. The defendant Socony's duty was limited to occasional inspection visits and the making of repairs upon notice from the tenant. The plaintiff testified there was no defect in the equipment and that it was in good repair. For all practical purposes the filling station was under the control and operation of the tenant. The facts herein do not warrant finding that the defendant Socony was in a position superior to that of the plaintiff to explain what went wrong on this particular occasion. (*Koch* v. *Otis Elevator Co.*, 10 A D 2d 464, 466.) After a reading of the record the only inference that can be drawn therefrom is that this unfortunate accident was caused by the acts of the plaintiff in using the air hose. There was a failure to show negligence on the part of the defendant Socony and the dismissal of the complaint was justified. Judgment unanimously affirmed, without costs.